IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA WOLFINGER, a minor, by her parents, and next friends, VICTORIA WOLFINGER AND RICHARD WOLFINGER, and on behalf of a class of similarly situated individuals<br><br>**Plaintiffs**<br><br>v.<br><br>VILLAGE OF SKOKIE, a municipal corporation, OFFICER MICHAEL JAWORSKI, OFFICER ZAIDA, individually and in their official Capacities,<br><br>**Defendants.** | No. 1:22-cv-140<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## NATURE OF ACTION

1. This action is brought pursuant to 42 U.S.C. § 1983. The plaintiff, Sophia Wolfinger ("Sophia"), a minor, seeks monetary damages for the harm she suffered as a result of the wrongful arrest and physical search she suffered at the hands of Village of Skokie Police Department ("Skokie") police officers on February 7, 2020.

2. Sophia also seeks declaratory and injunctive relief on behalf of herself and a class of individuals she seeks to represent who were, are or have been subjected to Policy F-1; Procedure F-1.III.A Searches Subsequent to Transport and Policy F-85; Procedure F-85.I.B Interrogation Rooms (the "Skokie Pat-down Policies"). The Skokie Pat-down Policies require police officers to pat down arrestees upon arrival at the police station without regard for probable cause or

1

reasonableness. On behalf of herself and the plaintiff class, Sophia asks this Court to enjoin further use and implementation of the Skokie Pat-down Policies.

## JURISDICTION

3. This Court has jurisdiction of this case pursuant to 28 USC §§ 1331 and 1343(a)(3). Sophia's claims are actionable pursuant to 42 USC § 1983. The Court is authorized to provide declaratory and injunctive relief pursuant to 28 USC §§ 2201 & 2202, respectively.

## PARTIES

4. Sophia was a fourteen-year-old citizen of the United States and resident of Niles Township, Illinois, on February 7, 2020, when the conduct at issue occurred. She lives with her parents, Victoria and Richard Wolfinger, who also reside in Niles Township and who bring this case on their minor daughter's behalf.

5. In addition to herself, Sophia brings this action on behalf of a class of persons (the "Skokie Pat-down Policy Class" or the "Class") who were, are or will be subjected to the Skokie Pat-down Policies.

6. Pursuant to Fed. R. Civ. P. 23, Sophia alleges that:

   A. The Skokie Pat-down Policy Class is so numerous that joinder of all members is impracticable;

   B. There are questions of law and fact common to the Class;

   C. Sophia's claim for declaratory and injunctive relief in Count I is typical of the claims and defenses of the Class;

   D. Sophia will fairly and adequately represent the interests of the Class; and

   E. In its implementation of the Skokie Pat-down Policies, Skokie has acted on grounds that apply generally to the Skokie Pat-down Policy Class, so that

injunctive relief and/or corresponding declaratory relief is appropriate respecting the Class as a whole.

7. Defendant Officer Michael Jaworski is, and was on February 7, 2020, a Skokie police officer acting within the scope of his employment and under color of state law.

8. Defendant Officer Zaida is, and was on February 7, 2020, a Skokie police officer acting within the scope of her employment and under color of state law.

9. Defendant Skokie is a municipal corporation within the State of Illinois, and was, at all times material to this Complaint, the employer of Officers Jaworski and Zaida and acted through such officers in carrying out its policies and procedures.

## FACTS

10. At all times relevant to this Complaint, Sophia was a 9th grade student at Niles North High School ("Niles North").

11. Officer Michael Jaworski was assigned to Niles North as the School Resource Officer pursuant to an Intergovernmental Agreement between Skokie and the Board of Education of Niles Township High Schools District 219.

12. On or about February 7, 2020, Sophia received two sexually explicit videos sent to her phone via SnapChat. Sophia did not further distribute or intentionally show the videos to anyone else.

13. One or more other students at Niles North saw the video over Sophia's shoulder when she opened the videos, and they reported to Nile North's administration that Sophia was distributing the videos.

14. Niles North referred the matter to Officer Jaworski.

15. On February 7, 2020, near the end of the school day, Sophia was summoned to the Dean's Office at Niles North where Officer Jaworski confiscated Sophia's phone and personal property and placed her under arrest.

16. Officer Jaworski did not inform Sophia that she was under arrest nor the basis of her arrest.

17. Officer Jaworski did not conduct any additional investigation into the veracity of the allegations against Sophia.

18. Once Officer Jaworski had confiscated Sophia's phone, there was no threat of imminent repetition of any alleged wrongdoing or of destruction of the videos.

19. Sophia did not have any means or intent to escape.

20. Officer Jaworski did not physically search Sophia's body prior to placing her under arrest and placing her in his police transport vehicle to drive from Niles North to the Skokie police station.

21. During the car ride from Niles North to the Skokie police station, Officer Jaworski asked Sophia questions regarding school and her family.

22. Upon arrival at the police station, Officer Jaworski and Sophia stayed in the car for approximately twenty minutes prior to Officer Jaworski escorting Sophia into the police station.

23. At no point during the arrest or transportation of Sophia was she placed in handcuffs.

24. Once they entered the police station, Officer Jaworski placed Sophia in an interrogation room alone for approximately fifteen minutes.

25. During this time, Sophia was permitted to use the restroom.

26. At some point after Sophia used the restroom, Officer Jaworski asked Officer Zaida to perform a search of Sophia's person, including patting down Sophia's genitals over her pants and groping Sophia's breasts underneath her bra. Officer Zaida did as Officer Jaworski requested.

27. At no point was Sophia processed into any holding facility where other people would have been held.

28. The Skokie Pat-down Policies provide that Skokie police officers shall, in the conduct a search of arrestees subsequent to transport:

> Upon arrival at the police station, outer garment pat-down searches and article searches may be conducted by the arresting Officer regardless of sex. More thorough searches, including searches in which clothing must be removed, shall only be conducted by personnel of the same sex as detainee. (Village of Skokie Police Department, Procedure F-1.III.A.)

> In addition to any search conducted as part of the arrest process, a secondary pat down search shall be conducted on all detainees prior to placement in an interrogation room. This search will be conducted by an Officer of the same gender as the detainee, whenever practical. (Village of Skokie Police Department, Procedure F-85.I.B.)

29. After a call from Officer Jaworski, Sophia's mother arrived at the police station, at which point, Officer Jaworski asked to search Sophia's phone, and, after consulting with an attorney, Sophia's mother authorized Officer Jaworski to search Sophia's phone.

30. Officer Jaworski searched Sophia's phone and interviewed Sophia in her mother's presence. Officer Jaworski then released Sophia into her mother's custody and indicated that there would likely be no charges.

31. Sophia was physically searched and suffered damages under the unlawful Skokie Pat-down Policies which Skokie continues to use.

32. As a result of Sophia's arrest and the search of Sophia's body, Sophia suffered physical and emotional injuries, including post-traumatic stress, depression and anxiety, which

interfere with Sophia's school attendance. Accordingly, Sophia requires extensive mental health treatment.

## COUNT I

### Declaratory and Injunctive Relief Against the Village of Skokie Police Department for Sophia and the Skokie Pat-Down Class with Regard to the Skokie Pat-Down Policies

33. The use of the Skokie Pat-down Policies violated Sophia's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

34. The use of the Skokie Pat-down Policies violated, violate or will violate the rights of the members of the Skokie Pat-down Policy Class under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

35. Sophia and others in the plaintiff class remain in danger of future unlawful searches under Skokie's policies and procedures.

36. The Skokie Pat-down Policies are facially unconstitutional and unconstitutional as applied in that they authorize the use of a physical search of those arrested, and they are so used, without regard to whether there is probable cause or any reasonable basis for doing so.

WHEREFORE, the Plaintiff requests that this Court

a) Declare the Skokie Pat-down Policies unconstitutional;

b) Temporarily and permanently enjoin the implementation of the Skokie Pat-down Policies;

c) Grant costs and attorneys' fees in bringing this action; and

d) Grant such further relief as this Court deems just and equitable.

## COUNT II

**Federal False Arrest Claim on Behalf of Sophia Against Officer Jaworski**

37. Officer Jaworski arrested Sophia without probable cause in violation of Sophia's Fourth and Fourteenth Amendment rights to be free from unreasonable arrests, search and seizures.

38. Sophia suffered physical and emotional injuries as a result of the unlawful arrest.

WHEREFORE, the Plaintiffs request that this Court empanel a jury to hear this claim and grant Sophia:

a) Compensatory and punitive damages against Officer Jaworski;

b) Costs and attorneys' fees; and

c) Such further relief as this Court deems just and equitable

## COUNT III

**Federal Excessive Force Claim on Behalf of Sophia Against
Officer Jaworski, Officer Zaida and Village of Skokie Police Department**

39. The physical search of Sophia's body violated Sophia's Fourth and Fourteenth Amendment rights to be free from unreasonable searches.

40. Officer Jaworski asked Officer Zaida to perform the search and she did so.

41. Officers Jaworski and Zaida were acting in accordance with the Skokie Pat-down Policies.

42. Sophia suffered physical and emotional injuries as a result of the unlawful search.

WHEREFORE, the Plaintiffs request that this Court empanel a jury to hear this claim grant Sophia:

a) Compensatory and punitive damages against Officer Jaworski, Officer Zaida and the Village of Skokie;

    b) Costs and attorneys' fees; and

    c) Such further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Jeffrey B. Gilbert
One of the Attorneys
for the Holsten defendants

JEFFREY B. GILBERT
Johnson, Jones, Snelling & Gilbert, P.C.
325 N. LaSalle Drive, Suite 350
Chicago IL 60654
(773) 484-6695
jgilbert@jjsgd.com