UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SOPHIA WOLFINGER, individually, and on behalf of a similarly situated individuals, VICTORIA WOLFINGER, and RICHARD WOLFINGER ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 22 CV 140 |
| ) | |
| vs. ) | Judge Robert W. Gettleman |
| ) | |
| VILLAGE OF SKOKIE, a municipal corporation, OFFICER MICHAEL JAWORSKI, and OFFICER MAZINA ZAIDI, individually and in their official capacities . ) ) ) ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

### NATURE OF ACTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Plaintiff, Sophia Wolfinger ("Sophia") seeks monetary damages for the harm she suffered as a result of the wrongful arrest and physical search she suffered at the hands of Village of Skokie Police Department ("Skokie") police officers on February 7, 2020.

2. In addition, Sophia's parents, Victoria and Richard Wolfinger, seek to recover medical and other expenses they paid for Sophia because of defendants' tortious conduct.

3. Sophia also seeks declaratory and injunctive relief on behalf of herself and a class of individuals she seeks to represent who were, are or have been subjected to Policy F-1; Procedure F-1.III.A Searches Subsequent to Transport and Policy F-85; Procedure F-85.I.B Interrogation Rooms. These policies (the "Skokie pat-down policies") require police officers to pat down

1

arrestees upon arrival at the police station without regard for probable cause or reasonableness. On behalf of herself and the plaintiff class, Sophia asks this Court to enjoin further use and implementation of the Skokie pat-down policies.

## JURISDICTION

4. This Court has jurisdiction of Sophia's claims pursuant to 28 USC §§ 1331 and 1343(a)(3). Sophia's claims are actionable pursuant to 42 USC § 1983. The Court is authorized to provide declaratory and injunctive relief 28 USC §§ 2201 & 2202, respectively.

5. This Court has jurisdiction of the claim under the Illinois Family Expense Act, 750 ILCS 65/15, brought by Victoria and Richard Wolfinger pursuant to 28 USC § 1367(a), as their claims are related to Sophia's claims such that they "form part of the same case or controversy under Article III of the United States Constitution."

## PARTIES

6. Plaintiff, Sophia was a fourteen-year-old citizen of the United States and resident of Niles Township, Illinois, on February 7, 2020, when the conduct at issue occurred. At that time, she lived with her parents, Victoria and Richard Wolfinger.

7. Plaintiffs, Victoria and Richard reside in Niles Township, Illinois and, as Sophia's parents, they originally brought this case on their minor daughter's behalf. Sophia is now eighteen years old and, therefore, can now prosecute this case on her own behalf.

8. In addition to herself, Sophia brings this action on behalf of a class of persons (the "Skokie pat-down policy class") who were, are or will be subjected to the Skokie pat-down policies.

9. Pursuant to Fed. R. Civ. P. 23, Sophia alleges that:

   A. The Skokie pat-down policy class is so numerous that joinder of all members is impracticable;

   B. There are questions of law and fact common to the class;

   C. Sophia's claim for declaratory and injunctive relief in Count I is typical of the claims and defenses of the class;

   D. Sophia will fairly and adequately represent the interests of the class; and

   E. In its implementation of the Skokie pat-down policies, Skokie has acted on grounds that apply generally to the class, so that injunctive relief and/or corresponding declaratory relief is appropriate respecting the class as a whole.

10. Defendant, Officer Michael Jaworski is, and was on February 7, 2020, a Skokie police officer acting within the scope of his employment and under color of state law.

11. Defendant, Officer Mazina Zaidi was, on February 7, 2020, a Skokie police officer acting within the scope of her employment and under color of state law.

12. Defendant Skokie is a municipal corporation within the State of Illinois, and was, at all times material to this Complaint, the employer of Officers Jaworski and Zaidi and acted through such officers in carrying out its policies and procedures.

## FACTS

13. At all times relevant to this Complaint, Sophia was a 9th grade student at Niles North High School ("Niles North").

14. Officer Michael Jaworski was assigned to Niles North as the School Resource Officer pursuant to an Intergovernmental Agreement between Skokie and the Board of Education of Skokie School District 219.

15. On or about February 7, 2020, Sophia received two sexually explicit videos sent to her phone via SnapChat. Sophia did not further distribute or intentionally show the videos to anyone else.

16. One or more other students at Niles North saw the video over Sophia's shoulder when she opened the videos, and they reported to Nile North's administration that Sophia was distributing the videos.

17. Niles North referred the matter to Officer Jaworski.

18. On February 7, 2020, near the end of the school day, Sophia was summoned to the Dean's Office at Niles North where Officer Jaworski confiscated Sophia's phone and personal property and placed her under arrest.

19. Officer Jaworski did not inform Sophia that she was under arrest or the basis of her arrest.

20. Officer Jaworski did not conduct any additional investigation into the veracity of the allegations against Sophia until after he arrested her and took her to the Skokie police station.

21. Once Officer Jaworski had confiscated Sophia's phone, there was no threat of imminent repetition of any alleged wrongdoing or of destruction of the videos.

22. Sophia did not have any means or intent to escape.

23. Officer Jaworski did not physically search Sophia's body prior to placing her under arrest and placing her in his police transport vehicle to drive from Niles North to the Skokie police station.

24. During the car ride from Niles North to the Skokie police station, Officer Jaworski asked Sophia questions regarding school and her family.

25. Upon arrival at the police station, Officer Jaworski and Sophia stayed in the car for approximately twenty minutes prior to Officer Jaworski escorting Sophia into the police station.

26. At no point during the arrest or transportation of Sophia was she placed in handcuffs.

27. Once they entered the police station, Officer Jaworski placed Sophia in an interrogation room alone for approximately fifteen minutes.

28. During this time, Sophia was permitted to use the restroom.

29. At some point after Sophia used the restroom, Officer Jaworski asked Officer Zaidi to perform a search of Sophia's person, including patting down Sophia's genitals over her pants and groping Sophia's breasts underneath her bra. Officer Zaidi did as Officer Jaworski requested.

30. At no point was Sophia processed into any holding facility where other people would have been held.

31. The Skokie pat-down policies provide that Skokie police officers shall, in the conduct a search of arrestees subsequent to transport:

> Upon arrival at the police station, outer garment pat-down searches and article searches may be conducted by the arresting Officer regardless of sex. More thorough searches, including searches in which clothing must be removed, shall only be conducted by personnel of the same sex as detainee. (Village of Skokie Police Department, Procedure F-1.III.A.)

> In addition to any search conducted as part of the arrest process, a secondary pat down search shall be conducted on all detainees prior to placement in an interrogation room. This search will be conducted by an Officer of the same gender as the detainee, whenever practical. (Village of Skokie Police Department, Procedure F-85.I.B.)

32. After a call from Officer Jaworski, Sophia's mother arrived at the police station, at which point, Officer Jaworski asked to search Sophia's phone, and, after consulting with an attorney, Sophia's mother authorized Officer Jaworski to search Sophia's phone.

5

33. Officer Jaworski searched Sophia's phone and interviewed Sophia in her mother's presence. Officer Jaworski then released Sophia into her mother's custody and indicated that there would likely be no charges.

34. Sophia was physically searched and suffered damages under the unlawful Skokie pat-down policies which Skokie continues to use.

35. As a result of Sophia's arrest and the search of Sophia's body, Sophia suffered physical and emotional injuries, including post-traumatic stress, depression and anxiety, which interfere with Sophia's school attendance. Accordingly, Sophia requires extensive mental health treatment.

## COUNT I

### Declaratory and Injunctive Relief Against the Village of Skokie Police Department for Sophia and the Skokie Pat-Down Class with Regard to the Skokie Pat-Down Policies

36. The use of the Skokie pat-down policies violated Sophia's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

37. The use of the Skokie pat-down policies violated, violate or will violate the rights of the members of the Skokie pat-down policy class under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

38. Sophia and others in the plaintiff class remain in danger of future unlawful searches under Skokie's policies and procedures.

39. The Skokie pat-down policies are facially unconstitutional and unconstitutional as applied in that they authorize the use of a physical search of those arrested, and they are so used, without regard to whether there is probable cause or any reasonable basis for doing so.

WHEREFORE, Sophia requests that this Court:

a) Certify a class defined as:

All persons who were, are or will be subjected to Village of Skokie Police Department General Order F-1.IIIA (Searches Subsequent to Transport) or Village of Skokie Police Department General Order General Order F-85.1.B (Stationhouse Searches) (the "Skokie pat-down policies").

b) Declare the Skokie pat-down policies unconstitutional;

c) Enjoin the implementation of the Skokie pat-down policies;

d) Grant costs and attorneys' fees in bringing this action; and

e) Grant such further relief as this Court deems just and equitable.

## COUNT II

**Federal False Arrest Claim on Behalf of Sophia Against Officer Jaworski**

40. Officer Jaworski arrested Sophia without probable cause in violation of Sophia's Fourth and Fourteenth Amendment rights to be free from unreasonable arrests, search and seizures.

41. Sophia suffered physical and emotional injuries as a result of the unlawful arrest.

WHEREFORE, Sophia requests that this Court grant her:

a) Compensatory and punitive damages against Officer Jaworski;

b) Costs and attorneys' fees; and

c) Such further relief as this Court deems just and equitable.

## COUNT III

**Federal Excessive Force Claim on Behalf of Sophia Against
Officer Jaworski, Officer Zaidi and Village of Skokie Police Department**

42. The physical search of Sophia's body violated Sophia's Fourth and Fourteenth Amendment rights to be free from unreasonable searches.

43. Officer Jaworski asked Officer Zaidi to perform the search and she did so.

44. Officers Jaworski and Zaidi were acting in accordance with the Skokie pat-down policies.

45. Sophia suffered physical and emotional injuries as a result of the unlawful search.

WHEREFORE, Sophia requests that this Court grant her:

a) Compensatory and punitive damages against Officer Jaworski, Officer Zaidi and the Village of Skokie;

b) Costs and attorneys' fees; and

c) Such further relief as this Court deems just and equitable.

## COUNT IV

**Illinois Family Expense Act Claim brought by Victoria and Richard Wolfinger Against Officer Jaworski, Officer Zaidi and Village of Skokie Police Department**

46. As Sophia's parents, Victoria and Richard have paid, and are continuing to pay, substantial expenses on behalf of Sophia for medical treatment and other costs incurred because of defendants' conduct as described in paragraphs 13-30 above.

47. Victoria and Richard are responsible for these expenses under the Illinois Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Victoria and Richard request that this Court grant them:

a) Compensatory damages against Officer Jaworski, Officer Zaidi and the Village of Skokie in the amount of the expenses they have paid or will pay for Sophia because of the tortious conduct of defendants;

b) Costs and attorneys' fees; and

c) Such further relief as this Court deems just and equitable.

          Respectfully submitted,

          /s/ Jeffrey B. Gilbert
          One of the Attorneys
          for the Plaintiff

Jeffrey B. Gilbert
Carrie S. Gilbert
Johnson, Jones, Snelling & Gilbert, P.C.
325 N. LaSalle Drive, Suite 350
Chicago IL 60654 (773) 484-6695
 jgilbert@jjsgd.com
 cgilbert@jjsgd.com